UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN KAUFMAN, <br>     Plaintiff, <br><br> v. <br><br> CRST LINCOLN SALES, INC., d/b/a CRST <br> INTERNATIONAL, INC., CRST MALONE, <br> CRST LOGISTICS, CRST DEDICATED <br> SERVICES, and CRST VAN EXPEDITED, <br>     Defendants. | ) <br> ) <br> ) <br> ) CAUSE NO. 2:10-CV-466-JD-PRC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINDINGS, REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss and for a More Definite Statement [DE 18], filed by Defendant CRST Dedicated Services, Inc., on February 15, 2011. Plaintiff filed a response on March 18, 2011. On March 24, 2011, the Court held a preliminary pretrial conference at which the parties requested that the Court delay its ruling and represented to the Court that they would attempt to resolve the instant Motion by agreement. On April 15, 2011, Plaintiff filed a Status Report to the Court indicating that the parties were unable to reach a resolution. On April 27, 2011, Defendant CRST Dedicated Services, Inc., filed a reply.

On April 29, 2011, Judge Jon E. DeGuilio entered an Order [DE 29] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court deny the Motion.

**PROCEDURAL BACKGROUND**

1

Plaintiff filed his Complaint on November 24, 2010. The allegations in the Complaint arise from Plaintiff's employment, consisting of claims of adverse employment action, including interference with benefits and retaliation, under the FMLA, ERISA, the Indiana Wage Claims Statute, and the Indiana Wage Payment Statute. Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendant moves to dismiss named Defendants CRST Lincoln Sales, Inc., CRST International, Inc., CRST Malone, Inc., CRST Logistics, Inc., and CRST Van Expedited, Inc., and requests that the Court order Plaintiff to amend the Complaint to remove references to CRST Lincoln Sales, Inc., as Plaintiff's employer.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see*

*also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion for a more definite statement, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, "Rule 12(e) motions are generally disfavored" and should be granted "only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *United States for use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987); *see also MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010); *Guess?, Inc. v. Chang*, 912 F. Supp. 372, 381 (N.D. Ill. 1995).

## ANALYSIS

In the instant Motion, Defendant moves to dismiss named Defendants CRST Lincoln Sales, Inc., CRST International, Inc., CRST Malone, Inc., CRST Logistics, Inc., and CRST Van Expedited, Inc., (the "CRST entities"), arguing that Plaintiff's claims can only be properly brought against Plaintiff's employer, but that he was never employed by any of these entities and therefore cannot recover against them. Defendants also request that the Court order Plaintiff to amend the Complaint to remove references to CRST Lincoln Sales, Inc., as Plaintiff's employer on the grounds that Plaintiff was employed only by CRST Dedicated Services, Inc. The Court will consider each of these requests in turn.

**I.     Motion to Dismiss**

First, Defendants argue that Defendants CRST Lincoln Sales, Inc., CRST International, Inc., CRST Malone, Inc., CRST Logistics, Inc., and CRST Van Expedited, Inc., should be dismissed as party Defendants because they did not employ Plaintiff. Plaintiff argues that the CRST entities constitute an integrated employer and may all be held liable under the single employer theory.

Unless a particular statute provides otherwise, affiliates may be liable as "integrated employers" "(1) when the traditional conditions for piercing the corporate veil are present; (2) by taking actions for the express purpose of avoiding liability under the discrimination laws; or (3) by directing the discriminatory act, practice, or policy of which the employee is complaining." *Alam v. Miller Brewing Co.*, No. 10-C-512, 2010 WL 5300549, at *2, 2010 U.S. Dist. LEXIS 134162, at *4-6 (E.D. Wis. Dec. 16, 2010) (citations omitted); *Worth v. Tyer*, 276 F.3d 249, 260 (7th Cir. 2001); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940-41 (7th Cir. 1999). The Department of Labor has provided a particular "single employer" test for actions brought under the FMLA:

> Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. . . .

4

> A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
> (i) Common management;
> (ii) Interrelation between operations;
> (iii) Centralized control of labor relations; and
> (iv) Degree of common ownership/financial control.

29 C.F.R. § 825.104(c)(2).

Plaintiff argues that Defendants' corporate disclosure statement and information publically available through the website indicate that the CRST entities have common ownership and that there is significant interrelationship between operations, with centralized control of human resources. Therefore, Plaintiff argues, the Court should conclude that he has sufficiently established that the CRST entities are an integrated enterprise, at least for the purposes of a Rule 12(b) motion.

Defendant asserts that "Plaintiff has presented no evidence" that the CRST entities are a single employer, and cites primarily to summary judgment decisions in support of its argument that Plaintiff must prove that the Defendants are an integrated entity to proceed in his case. However, Plaintiff is not required to present evidence in order to survive a motion to dismiss. He need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555) (quotation marks omitted).

The Complaint alleges that Plaintiff was employed by CRST Lincoln Sales, Inc., doing business as CRST International, Inc., CRST Malone, CRST Logistics, CRST Dedicated Services, and CRST Van Expedited. The caption of the Complaint makes it clear that Plaintiff is suing the

CRST entities as a single employer, and that is further clarified by Plaintiff's response to the instant Motion. At this stage in the litigation, it is sufficient that Plaintiff allege that the CRST entities acted as his employer. Proof of the actual relationship between the individual CRST entities and the relationship between the CRST entities and Plaintiff will be adduced during discovery and can be presented to the Court in a Motion for Summary Judgment. *See, e.g., Akins-Brakefield v. Philip Envtl. Servs. Corp.*, No. 08-cv-710, 2010 WL 1032637, at *5-6, 2010 U.S. Dist. LEXIS 25067, at * 16-19 (S.D. Ill. Mar. 17, 2010) (discovery led to the conclusion that a party was incorrectly dismissed because defendants were an integrated entity, despite deceptive arguments to the contrary at the motion to dismiss stage). Under the liberal notice-pleading standard, Plaintiff has sufficiently alleged Defendants' liability as an integrated employer, and dismissal of any Defendant is inappropriate at this stage of the litigation.

## II.     More Definite Statement

Defendants assert that the CRST entities cannot identify the nature of Plaintiff's claims against them individually, making it impossible for them to prepare an accurate responsive pleading. To survive a motion for a more definite statement, Plaintiff's complaint need only "meet[] the notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that they are able to respond." *Rosenbaum v. Seybold*, No. 1:06-CV-352, 2007 WL 1959241, at *1, 2007 U.S. Dist. LEXIS 48021, at *6 (N.D. Ind. July 2, 2007) (quotations omitted). The Complaint does not include claims of fraud or mistake that require a higher standard of pleading. *See id.* 2007 WL 1959241, at *2, 2007 U.S. Dist. LEXIS 48021, at *7; *see also* Fed. R. Civ. P. 8(a), 9(b)*; Erickson*, 551 U.S. at 93-94; *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Reference to the defendants collectively, even if only one

6

individual defendant is associated with a particular allegation, does not necessarily make the complaint so ambiguous as to require a more definite statement. *Guess?*, 912 F. Supp. at 381; *see also Dick Corp. v. SNC-Lavalin Constructors, Inc.*, No. 04 C 1043, 2004 WL 2967556, at *12, 2004 U.S. Dist. LEXIS 26767, at *39-40 (N.D. Ill. Nov. 24, 2004).

Without conducting discovery, Plaintiff is unlikely to know which individuals made the decisions described in the complaint or which entity bears responsibility for the actions underlying his allegations. *See, e.g., Obi v. Chase Home Fin., LLC*, No. 10 C 3154, 2010 WL 4810609, at *3, 2010 U.S. Dist. LEXIS 123201, at *7 (N.D. Ill. Nov. 19, 2010). However, the Complaint "provides sufficient information for defendants to investigate their role in the events." *Obi,* 2010 WL 4810609, at *3, 2010 U.S. Dist. LEXIS 123201, at *7-8 (citing *Tamayo*, 526 F.3d at 1082-85). The Complaint as drafted is sufficient to notify Defendants of the claims against them and allow them to determine which entity or individual was responsible for the actions that underlie Plaintiff's Complaint. The pleading is not "so unintelligible that the movant cannot draft a response" and therefore a more definite statement under Rule 12(e) is inappropriate. *Guess?*, 912 F. Supp. at 381.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss and for a More Definite Statement [DE 18].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902,

904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 24th day of June, 2011.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record