UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-CV-466 JD |
| | ) | |
| CRST LINCOLN SALES INC. | ) | |
| | ) | |
| Defendant. | ) | |

## Order

On February 15, 2011, Defendant, CRST Lincoln Sales Inc. ("CRST"), filed a motion to dismiss and for a more definite statement. *See* DE 18 and 19. Therein, CRST contended that Plaintiff, John Kaufman ("Kaufman"), had improperly named six separate CRST entities as a single employer. On March 18, 2011, Kaufman filed a response asserting that the entities named are, indeed, a single "integrated employer" and are, therefore, properly named as one entity in the complaint. *See* DE 24. On April 27, 2011, CRST filed a reply brief. *See* DE 28.

On April 29, 2011, the undersigned referred the motion to dismiss and for a more definite statement to Magistrate Judge Paul R. Cherry for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72.1(c). *See* DE 29. On June 24, 2011, Magistrate Judge Cherry issued a Report and Recommendation, recommending that the Court deny CRST's motion. *See* DE 30.

As of this date, no party has filed an objection to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) (affording the parties fourteen days to file objections). In addition, as further evidence that the parties do not object to Judge Cherry's Report and Recommendation, on July 14, 2011, CRST filed an answer. S*ee* DE 33.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Fed. R. Civ. P. 72(b) (setting forth procedures for objecting to a Magistrate Judge's Report and Recommendation and the District Court's standard of review for resolving objections). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court also "waives the right to appeal all issues addressed in the recommendation, both factual and legal.". *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) permit the parties to file objections to a Report and Recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the entry of Magistrate Judge Cherry's Report and Recommendation, and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers

there to be no objection to Magistrate Judge Cherry's Report and Recommendation.

Having reviewed the Report and Recommendation and finding no clear error therein, the Court **ADOPTS** the Report and Recommendation in its entirety, [DE 30], and incorporates Magistrate Judge Cherry's findings and recommendations into this order. Accordingly, the Court now **DENIES** CRST's motion to dismiss and motion for a more definite statement. [DE 18].

SO ORDERED.

ENTERED:  July 21, 2011

                                                  /s/ JON E. DEGUILIO
Judge
United States District Court