# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| J. Richard Ransel, Trusteee of the Bankruptcy Estate of John Kaufman, <br><br> Plaintiff, <br><br> v. <br><br> CRST Dedicated Services Inc., <br><br> Defendant. | Case No.: 2:10-CV-466 JVB |

**MEMORANDUM OF DECISION**

At the conclusion of Plaintiff's case-in-chief and then at the end its own case, Defendant moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law. The Court denied the motion on Plaintiff's FMLA claims but granted it on the workers' compensation claim. The jury found for Defendant on the FMLA claims, and now the Court issues a memorandum of its decision as to the workers' compensation claim.

A judgment as a matter of law is granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 149 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc.*

*v. Devcom Mid-Am.*, Inc., 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead it must ask whether any reasonable jury could have found for the Plaintiff. *Cf. Appelbaum v. Milwaukee Metropolitan Sewerage Dist.*, 340 F.3d 573, 578–579 (7th Cir. 2003) (applying the standard in an age discrimination lawsuit).

In response to Defendant's oral motion for judgment as a matter of law, Plaintiff summarized his theory of prosecution regarding the workers' compensation claim: he pursued workers' compensation benefits, was fired, and the reasons given for the firing were shady, thus requiring the case to go to the jury so they could determine the real reason for Plaintiff firing. And that, of course, would be sufficient for the claim to proceed, but for the fact that Plaintiff was unable to show how it was that he pursued workers' compensation benefits, or how it was that he at least gave a reasonable notice to Defendant that he was going to pursue such benefits.

After all, the only evidence that Plaintiff pointed to in support of his argument was his filing of the accident report and seeing his doctor two days later. (In the accident report, he noted some back pain.) No reasonable jury could conclude from this evidence that Plaintiff was pursuing or intending to pursue workers' compensation benefits. To conclude so would be mere speculation. Hence, Plaintiff's firing cannot give rise to a claim that he was fired in retaliation for pursuing workers' compensation benefits. Plaintiff's workers' compensation claim is the opposite of the FMLA claim where Plaintiff took affirmative action to request leave due to his wife's illness. While the request was rather informal, it was sufficient for giving notice to Defendant.

If Plaintiff's argument were accepted, every accident---no matter the severity or fault--- would automatically give rise to a workers' compensation retaliation claim if any adverse action

is taken against the employee involved in the accident. In fact, one could argue that the mere inclusion of a birthdate for an employee who is over forty years old and who caused an accident and later suffered an adverse employment action would give rise to an age discrimination claim. Yet, Plaintiff has not pointed to any Indiana case lowering the threshold for workers' compensation retaliation claims to such a low bar.

In summary, while there were some questions as to whether Plaintiff's firing was pretextual---and that's why the FMLA claims survived---there was no question that Plaintiff did not pursue any rights under workers' compensation law that would have put the Defendant on notice and allow reasonable jury to conclude that such notice was the reason for retaliating against Plaintiff.


Date: January 30, 2015.


   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE